O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HALTERMAN, | Case No. SACV 12-01013 DDP (JCGx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| BANK OF AMERICA N.A., a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; WELLS FARGO BANK, NA, dba AMERICA'S SERVICING COMPANY, a National Association, et al., | [Dkt. No. 7] |
| Defendants. | |

   Presently before the court is Defendants' Motion to Dismiss Plaintiff's complaint.  Having considered the submissions of the parties, the court grants the motion, with leave to amend.

   Plaintiff brings thirteen causes of action related to his home mortgage loan and efforts to foreclose upon his property.  In his Opposition to Defendants' Motion to Dismiss, Plaintiff concedes that several of his causes of action are inadequately pled, or otherwise indicates a desire to amend without addressing

Defendants' arguments regarding dismissal. Indeed, the only causes of action Plaintiff argues are viable are for "promissory estoppel, negligent misrepresentation, and [] the cluster of claims arising out of the unlawful foreclosure sale." (Opp. at 8.) This statement is not entirely clear, as it does not appear that Plaintiff's complaint includes causes of action for promissory estoppel or negligent misrepresentation, and Plaintiff does not identify which claims he considers part of foreclosure "cluster."

Nevertheless, given Plaintiff's acknowledgment of the complaint's deficiencies, request for leave to amend, and stated intent to abandon certain causes of action, Defendants' Motion is GRANTED. All claims are DISMISSED, with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this order.[1]

IT IS SO ORDERED.

Dated: March 28, 2013

DEAN D. PREGERSON
United States District Judge

---

[1] To the extent that Plaintiff intends to retain allegations regarding the securitization of his loan, the court cautions that courts have routinely held that borrowers who are not parties to Pooling and Services Agreements do not have standing to challenge assignments made pursuant to those agreements. See, e.g. Armeni v. America's Wholesale Lender, No. CV 11-8537 CAS, 2012 WL 603242 at *3 (C.D. Cal. Feb. 24, 2012).